IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

IN THE MATTER OF:
A.G., S.G., E.G., Y.G.,

          Petitioners,

v.

RICHARD GREEN, Resident of Indonesia, and DIHN HOANG PHUONG, a citizen of Vietnam,

          Respondents.

Case No. 3:23-cv-00076-JMK

## ORDER OF DISMISSAL

On April 11, 2023, Respondent Green filed a "Notice of Removal from State Court."[1] Mr. Green's notice seeks to remove eight state court civil actions to federal court—all initiated in 2020.[2] As explained below, Mr. Green cannot remove these actions to federal district court. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in a state court to a district court if the plaintiff(s) originally could have filed the action in federal court.[3] Additionally, 28 U.S.C.

---

[1] Docket 1.

[2] Docket 1 at 1. The Alaska Court System case numbering system indicates these are actions in the Third Judicial District of Palmer, Alaska, initiated in 2020, as child in need of aid (CN) and civil (CI) actions. Section I, Administrative Bulletin, No. 7 (revised effective October 17, 2022). The CN and CI cases at issue are confidential proceedings and no records are made publicly available. *See* Section IV, Administrative Bulletin, No. 7, Alaska Court System (revised effective October 17, 2022).

[3] 28 U.S.C. § 1441.

§ 1446(b) requires that notice of removal of a civil action or proceeding must occur "within 30 days after the receipt by the defendant [respondent], through service or otherwise, of a copy of the initial pleading[.]"

The removal statutes are "strictly construed *against* removal jurisdiction,"[4] and the party seeking removal "bears the burden of establishing federal jurisdiction."[5] "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[6] Under the "well-pleaded complaint rule," jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7] A defense or counterclaim based on federal law does not give rise to federal question jurisdiction.[8] If the district court lacks subject matter jurisdiction, the case must be remanded to state court.[9]

While the issue of removal is dispositive, the Court takes judicial notice of Mr. Green's prior litigation in the United States District Court for the District of Alaska.[10] This is Mr. Green's fourth attempt in engage the federal district court in

---

[4] *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988) (emphasis added).

[5] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) ("The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction.").

[6] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[8] *Id*.

[9] 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."

Case No. 3:23-cv-00076-JMK, *A.G., et al. v. Green, et al.*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00076-JMK   Document 9   Filed 04/13/23   Page 2 of 3

his state court proceedings.[11] Once again, the Court finds it lacks subject matter jurisdiction on the same grounds—*Younger* and *Colorado River* abstention.[12] This Court must abstain from exercising jurisdiction over the four state-initiated child protection actions and the four other related confidential civil proceedings.[13]

Accordingly, removal is not permitted pursuant to 28 U.S.C. § 1446(b), and this Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED:**

1. This civil action is **DISMISSED WITH PREJUDICE**.
2. All pending motions are **DENIED AS MOOT**.
3. The Clerk of Court shall issue a final judgment.

DATED this 13th day of April, 2023 at Anchorage, Alaska.

/s/ Joshua M. Kindred
UNITED STATES DISTRICT JUDGE

---

BLACK'S LAW DICTIONARY (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201. Even where a party disputes the factual or legal findings of a court order, however, a court may take judicial notice of "the fact that the ... order issued and contained certain findings and conclusions." *Chatman v. Ferrell*, No. CV-17-03826-PHX-DLR, 2018 WL 3209389, at *1 (D. Ariz. June 29, 2018).

[11] *See Green v. Phuong*, Case No. 3:20-mc-00011-TMB (D. Alaska) (dismissal for lack of subject matter jurisdiction at Docket 34, affirmed by Ninth Circuit Court of Appeals at Docket 63); *Green v. Phoung*, Case No. 3:20-cv-00255-JMK (D. Alaska) (dismissal for lack of subject matter jurisdiction at Docket 16, no appeal taken); *Green v. Phoung*, Case No. 3:21-cv-00261-JMK (SEALED) (D. Alaska) (dismissal for lack of subject matter jurisdiction at Docket 21, appeal pending see Dockets 23—29).

[12] *See Green v. Phoung*, Case No. 3:21-cv-00261-JMK (SEALED) (D. Alaska), Docket 21 at 8—15. The Court must abstain from exercising jurisdiction over four state-initiated child welfare actions and the four other related proceedings. *See* Docket 21 note 15. *See also In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.").

[13] *See Green v. Phoung*, Case No. 3:21-cv-00261-JMK (SEALED) (D. Alaska), Docket 21 at 4, notes 10 & 11.

Case No. 3:23-cv-00076-JMK, *A.G., et al. v. Green, et al.*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00076-JMK   Document 9   Filed 04/13/23   Page 3 of 3